AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Keith Latteri | )<br>)<br>)<br>)<br>)<br>) |

**AMENDED JUDGMENT IN A CRIMINAL CASE**

USDC Case Number:  CR-23-00471-002 WHO
BOP Case Number:  DCAN323CR00471-002
USM Number:  95290-510
Defendant's Attorney:  Eric C. Nemecek (Retained)

**Date of Original Judgment:  5/8/2025**
**(or Date of Last Amended Judgment)**
**THE DEFENDANT:**

☑ pleaded guilty to count: Two of the Indictment.

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(I) | Intentional Damage to a Protected Computer | March 1, 2019 | Two |
| | | | |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s) dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/1/2025
_____
Date of Imposition of Judgment

_____
Signature of Judge
The Honorable William H. Orrick III
Senior United States District Judge
_____
Name & Title of Judge

August 6, 2025
_____
Date

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Keith Latteri | Judgment - Page 2 of 7 |
| CASE NUMBER:  CR-23-00471-002 WHO | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

     36 months.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☑ The Court makes the following recommendations to the Bureau of Prisons:
    The defendant participate in the Bureau of Prisons Residential Drug Abuse Program and be designated to FPC Yankton or FPC Montgomery.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at   on  (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ Before 2:00 pm on 8/1/2025 (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

                                          _____

                                             UNITED STATES MARSHAL

By _____

                                           DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Keith Latteri | Judgment - Page 3 of 7 |
| CASE NUMBER:  CR-23-00471-002 WHO | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>3 years.</u>

## MANDATORY CONDITIONS OF SUPERVISION

1)      You must not commit another federal, state or local crime.

2)      You must not unlawfully possess a controlled substance.

3)      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

     ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☑      You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)   ☑      You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)   ☐      You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)   ☐      You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Keith Latteri                                                                    Judgment - Page 4 of 7
CASE NUMBER:  CR-23-00471-002 WHO

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1)     You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)     After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)     You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)     You must follow the instructions of the probation officer related to the conditions of supervision.
5)     You must answer truthfully the questions asked by your probation officer.
6)     You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7)     You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8)     You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9)     You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10)     If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11)     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12)     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐     If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.


(Signed) _____          _____
             Defendant                                                                                Date


             _____          _____
             U.S. Probation Officer/Designated Witness                         Date

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Keith Latteri | Judgment - Page 5 of 7 |
| CASE NUMBER: CR-23-00471-002 WHO | |

## SPECIAL CONDITIONS OF SUPERVISION

1. You must provide the probation officer with access to any financial information, including tax returns, and must authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

2. You must participate in an outpatient mental health treatment program, as directed by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer.

3. You must not have contact with any codefendant in this case, namely Noah Roskin-Frazee.

4. You must submit your person, residence, office, vehicle, or any property under your control, including any computers, cell phones, and other electronic devices, to a search. Such a search must be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

5. You must abstain from the use of all alcoholic beverages.

6. You must not possess or use a computer or computer-related device without the prior approval of the probation officer. "Computer or computer-related device" means any electronic device capable of creating, accessing, storing, viewing, or transmitting material including, but not limited to, the data or material associated with the offense conduct. "Computer or computer-related device" includes (but is not limited to) desktop and tower computers, laptop computers, smartphones, security cameras (such as "nanny cams" or cameras linked to doorbells), USB or "thumb" drives, gaming platforms, compact discs, and external hard drives.

7. You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn your employer of restrictions to your computer use.

8. You must consent to the probation officer conducting periodic unannounced examinations of your computer equipment which may include retrieval and copying of all data from your computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor your Internet use.

9. You must not possess or use any data encryption technique or program

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

DEFENDANT:  Keith Latteri                                                                                     Judgment - Page 6 of 7
CASE NUMBER:  CR-23-00471-002 WHO

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100 | Waived | $3,827,835.66 | N/A | N/A |

☐   The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Company B | | $3,827,835.66 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $3,827,835.66 | |

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐      the interest requirement is waived for the.

☐      the interest requirement is waived for the  is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. AO 09/19-CAN 12/19) Amended Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT:  Keith Latteri | Judgment - Page 7 of 7 |
| CASE NUMBER:  CR-23-00471-002 WHO | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐ Lump sum payment of _____ due immediately, balance due

        ☐ not later than  , or
        ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**During imprisonment, payment of the restitution is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $150 or at least 5 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m). The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total<br>Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Noah Roskin-Frazee – 0971 3:23CR00471-1 WHO | | $3,827,835.66 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.